IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WATER PIK, INC., a Delaware corporation

    Plaintiff,

v.

H2OFLOSS, a Singapore corporation,

    Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Water Pik, Inc. ("Water Pik"), by and through its undersigned attorneys, states its complaint as follows:

**INTRODUCTION**

1. This is an action for patent infringement under the Patent Act of the United States, 35 U.S.C. §§ 271 and 281, to prevent and enjoin H2OFloss from infringing, in an illegal and unauthorized manner and without authorization or consent from Water Pik, U.S. Patent Nos. 8,888,727 (hereinafter, the "'727 Patent"), 6,475,173 (hereinafter, the "'173 Patent") and 6,056,710 (hereinafter, the "'710 Patent") (collectively, the "Asserted Patents"), and to recover damages, attorneys' fees and costs.

## THE PARTIES

2. Water Pik is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1730 East Prospect Road, Fort Collins, Colorado 80553.

3. Upon information and belief, H2OFloss is a Singapore corporation with its principal place of business at JTC Summit, 8 Jurong Town Hall Road #25-05, Singapore 609424.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq. Accordingly, this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. H2OFloss is subject to this Court's specific personal jurisdiction pursuant to Due Process and/or the Colorado Long Arm Statute, CRS § 13-1-124(1). H2OFloss has purposefully availed itself of the privileges of conducting business in the State of Colorado by offering to sell and making direct sales of products to Colorado residents which infringe the Asserted Patents through its highly interactive website, www.h2ofloss.com. Additionally, H2OFloss has purposefully availed itself of the privileges of conducting business in the State of Colorado by placing its products into the "stream of commerce" via national retailers and distributors, including but not limited to Amazon.com, with the clear understanding that its products, including those products which infringe the Asserted Patents, will be purchased by Colorado residents. Water Pik's causes of action arise directly from H2OFloss's business contacts and other activities in the State of Colorado and in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)(3) and/or 1400(b). As alleged herein, H2OFloss is an alien corporation, and therefore may be sued in any judicial district. Alternatively, H2OFloss has committed acts of patent infringement in this District and has an established and regular place of business in this District by virtue of its highly interactive website, www.h2ofloss.com, through which it offers to sell and makes (and has made) direct sales of products that infringe the Asserted Patents to Colorado residents.

## FACTUAL ALLEGATIONS

7. The allegations set forth in paragraphs 1 – 6 above are incorporated by reference as though fully set forth herein.

8. Founded over 50 years ago, Water Pik is a Fort Collins-based company with a long history of developing and selling innovative and widely recognized, high quality, oral hygiene products to improve oral health and combat gum disease. Water Pik's oral irrigator products, which are sold under the WaterPik® Water Flosser brand, have received numerous national and international awards for their advanced technological improvements, which enhance both the functionality and aesthetics of these products.

9. The WaterPik® Water Flosser product line has consistently been recognized by dental professionals and consumers, both domestically and worldwide, as the "gold standard" in the oral hygiene market. Peer-reviewed scientific studies demonstrate that Water Pik's oral irrigators are clinically proven to remove 99.9% of plaque, the leading cause of gum disease, and are superior to regular brushing and string floss. In January 2017, the WaterPik® Water Flosser

became the first in its class of products to earn the American Dental Association ("ADA") Seal of Acceptance.

10. To achieve and maintain its market success in the United States and overseas, Water Pik invests heavily in technical research and development, as well as consumer market research. It is one thing to design and manufacture a high-quality, well-built oral irrigator that safely and effectively removes plaque; it is quite another to design one which consumers will purchase and use on a consistent, daily basis.

11. The technologies developed by Water Pik as set forth in the Asserted Patents and embodied in the WaterPik® Water Flosser product line represent a unique marriage of functionality and operability. Generally speaking, the invention disclosed in the '727 Patent provides an elegant solution to the problem of vibration-based noise resulting from an oral irrigator's pump operation by means of a novel vibration reduction mount.

12. Similarly, and generally speaking, the invention disclosed in the '173 Patent provides a unique and novel oral irrigation housing unit which has a positional orientation structure to make attachment of a separable water reservoir to the base more easily accomplished, and such that the reservoir can act as a storage cover to provide a more compact product when not in use.

13. Finally, and generally speaking, the invention disclosed in the '710 Patent provides a unique and novel compact storage configuration for an oral irrigation unit with the reservoir positionable in a use orientation and a storage orientation where the reservoir encloses main features of the base to prevent the jet tips from being dislodged, damaged, or lost.

14. H2OFloss is a direct competitor of Water Pik. H2OFloss makes, uses, sells and offers for sale lines of oral irrigators known as the "HF-7 Series" ("Accused HF-7 Products") and "HF-8 Series" ("Accused HF-8 Products") (collectively, the "Accused Products"). The Accused Products have been and are currently being sold and offered for sale by H2OFloss directly to customers in Colorado and nationwide through H2OFloss's highly interactive website, www.h2ofloss.com, as well as through national retailers and distributors, including but not limited to Amazon.com.

## COUNT ONE: INFRINGEMENT OF THE '727 PATENT

15. The allegations of paragraphs 1 – 14 above are incorporated by reference as though fully set forth herein.

16. The '727 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 18, 2014. A true and correct copy of the '727 Patent is attached hereto at **Exhibit A**. Water Pik is the owner of the '727 Patent, having received all right, title and interest in and to the '727 Patent by assignment, and possesses all rights of recovery under the '727 Patent, including the exclusive right to recover for past infringement and to enjoin further infringement. The '727 Patent is valid and enforceable, and the requirements of 35 U.S.C. § 287 have been met in all respects.

17. H2OFloss has infringed and continues to infringe one or more claims of the '727 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claims 1, 10, 11 and 17 of the '727 Patent, literally or under the doctrine of equivalents, by importing, selling and offering to sell the Accused Products in the State of Colorado, this judicial district, and elsewhere in the United States and without authority or consent from Water Pik. With respect to Claim 1 of the

'727 Patent, each of the Accused Products include rubber vibration mounts that connect the chassis to the bottom wall of the base unit, and the rubber mounts include a slot that receives a corner edge of the chassis.  With respect to Claims 10, 11 and 17, each of the Accused Products include rubber mounts as noted above, with said mount bodies having a rounded corner, a horizontal aperture that receives a portion of the chassis, and a mount shaft with a mount head.

18.     To the extent that facts learned in discovery show that H2OFloss's infringement of the '727 Patent is or has been willful, Water Pik respectfully reserves the right to request such a finding, and appropriate relief based thereon, at time of trial.

19.     As a result of H2OFloss's infringement of the '727 Patent, Water Pik has suffered and will continue to suffer monetary damages in an amount not yet determined.

20.     Unless a permanent injunction is issued enjoining H2OFloss and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '727 Patent, Water Pik will suffer great and irreparable harm for which no adequate remedy at law exists.

## COUNT TWO: INFRINGEMENT OF THE '173 PATENT

21.     The allegations of paragraphs 1 – 20 above are incorporated by reference as though fully set forth herein.

22.     The '173 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 5, 2002.  A true and correct copy of the '173 Patent is attached hereto at **Exhibit B**.  Water Pik is the owner of the '173 Patent, having received all right, title and interest in and to the '173 Patent by assignment, and possesses all rights of recovery under the '173 Patent, including the exclusive right to recover for past infringement and

to enjoin further infringement. The '173 Patent is valid and enforceable, and the requirements of 35 U.S.C. § 287 have been met in all respects.

23.     H2OFloss has infringed and continues to infringe one or more claims of the '173 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claims 1, 4, 5, 6, and 7 of the '173 Patent, literally or under the doctrine of equivalents, by importing, selling and offering to sell its Accused HF-7 Products in the State of Colorado, this judicial district, and elsewhere in the United States and without authority or consent from Water Pik. With respect to Claim 1 of the '173 Patent, each of the Accused HF-7 Products include a reservoir that is positionable on the base unit in two orientations, and in one of the orientations, the reservoir cavity encompasses the base unit. With respect to Claims 4 through 7 of the '173 Patent, each of the Accused HF-7 Products include a complementary reservoir and base that seat together to self-align to assist a user in seating the reservoir on the base.

24.     To the extent that facts learned in discovery show that H2OFloss's infringement of the '173 Patent is or has been willful, Water Pik respectfully reserves the right to request such a finding, and appropriate relief based thereon, at time of trial.

25.     As a result of H2OFloss's infringement of the '173 Patent, Water Pik has suffered and will continue to suffer monetary damages in an amount not yet determined.

26.     Unless a permanent injunction is issued enjoining H2OFloss and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '173 Patent, Water Pik will suffer great and irreparable harm for which no adequate remedy at law exists.

## COUNT THREE: INFRINGEMENT OF THE '710 PATENT

27. The allegations of paragraphs 1 – 26 above are incorporated by reference as though fully set forth herein.

28. The '710 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on May 2, 2000. A true and correct copy of the '710 Patent is attached hereto at **Exhibit C**. Water Pik is the owner of the '710 Patent, having received all right, title and interest in and to the '710 Patent by assignment, and possesses all rights of recovery under the '710 Patent, including the exclusive right to recover for past infringement and to enjoin further infringement. The '710 Patent is valid and enforceable, and the requirements of 35 U.S.C. § 287 have been met in all respects.

29. H2OFloss has infringed and continues to infringe one or more claims of the '710 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1 of the '710 Patent, literally or under the doctrine of equivalents, by importing, selling and offering to sell its Accused HF-7 Products in the State of Colorado, this judicial district, and elsewhere in the United States and without authority or consent from Water Pik. With respect to Claim 1 of the '710 Patent, each of the Accused HF-7 Products include a base unit positionable on a base unit in two orientations, one for use and one for storage.

30. To the extent that facts learned in discovery show that H2OFloss's infringement of the '710 Patent is or has been willful, Water Pik respectfully reserves the right to request such a finding, and appropriate relief based thereon, at time of trial.

31. As a result of H2OFloss's infringement of the '710 Patent, Water Pik has suffered and will continue to suffer monetary damages in an amount not yet determined.

32. Unless a permanent injunction is issued enjoining H2OFloss and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '710 Patent, Water Pik will suffer great and irreparable harm for which no adequate remedy at law exists.

## PRAYER FOR RELIEF

WHEREFORE, Water Pik respectfully requests that this Court enter:

A. A judgment in favor of Water Pik that H2OFloss has infringed each of the Asserted Patents;

B. A permanent injunction enjoining H2OFloss and its officers, directors, agents, servants, affiliates, employees, divisions, subsidiaries, parents and all others acting in active concert therewith from infringing each of the Asserted Patents

C. A judgment and order requiring H2OFloss to pay Water Pik its damages, costs, expenses, and pre-judgment and post-judgment interest for H2OFloss's direct infringement of the Asserted Patents;

D. An award to Water Pik for enhanced damages resulting from the knowing, deliberate and willful nature of H2OFloss's infringing conduct with notice made at least as early as the date of the service of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Water Pik its reasonable attorneys' fees; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Water Pik requests a trial by jury on all issues so triable.

Respectfully submitted this 30th day of August, 2017.

*s/ Lee F. Johnston*
Lee F. Johnston
Lindsey M. Sadler
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO  80202
Telephone: 303.629.3400
Facsimile:  303.629.3450
Email: johnston.lee@dorsey.com
Email: sadler.lindsey@dorsey.com

**ATTORNEYS FOR PLAINTIFF
WATER PIK, INC.**

Address of Plaintiff
1730 East Prospect Road
Fort Collins, Colorado 80553

4820-0851-4379\3