IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02082-CMA-MJW

WATER PIK, INC., a Delaware corporation,

    Plaintiff,

v.

H2OFLOSS, *f/k/a* Shenzhen Baofengtong Electrical Manufacturing Co., Ltd., a Singapore entity,
SHENZHEN BAOFENGTONG ELECTRICAL MANUFACTURING CO., LTD., a/k/a Shenzhen Baofengtong Electrical Appliances Manufacturing Co., Ltd., a Chinese company,
H2OFLOSS LIMITED, a British Virgin Islands company, and
HOMECARE HOUSEHOLD SUPPLIES CO., LTD., a British Virgin Islands company,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LIMITED DISCOVERY AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant H2OFloss's Motion to Dismiss for Want of Personal Jurisdiction (Doc. # 43) and Plaintiff Water Pik, Inc.'s Motion for Limited Jurisdictional Discovery (Doc. # 54). For the following reasons, the Court grants in part and denies in part Plaintiff's request for limited discovery, and the Court denies without prejudice Defendant's Motion to Dismiss.

**I.     BACKGROUND**

Plaintiff brings this patent infringement action against four foreign entities: H2OFloss; Shenzhen Baofengtong Electrical Manufacturing Co., Ltd.; H2OFloss Limited; and Homecare Household Supplies Company. (collectively Defendants). Plaintiff specifically alleges that Defendants are infringing on Plaintiff's patents by "import[ing], offer[ing] for sale, and [selling] . . . the H2OFloss HF-7 model oral irrigator series (HF-7), H2OFloss HF-8 model oral irrigator series (HF-8), and H2OFloss orthodontic tips sole and used with at least the HF-8 (HF-8 Tips) (collectively, the Accused Products). (Doc. # 22 at ¶ 2.)

On January 8, 2018, H2OFloss filed a Motion to Dismiss for Want of Personal Jurisdiction, arguing that Plaintiff has insufficiently pled or demonstrated that H2OFloss has minimum contacts with Colorado and/or that an agency theory of jurisdiction applies. (Doc. # 43.) H2OFloss adds that it is distinct and separate from the trademark h2ofloss and the other Defendant entities, who are "the real parties in interest (i.e. the manufacturer and the seller)." (*Id*. at 6.) Plaintiff responds that it has sufficiently pled that H2OFloss has minimum contacts with Colorado and that, moreover, the contacts of the other Defendants can be imputed to H2OFloss through an agency theory of jurisdiction. (Doc. # 50.) Plaintiff also requests limited jurisdictional discovery to supplement the factual record in the event that "the Court is unable to resolve the factual disputes in [Plaintiff's] favor." (Doc. # 54 at 4.)

## II. LAW

### A. PERSONAL JURISDICTION

To exercise jurisdiction over H2OFloss, a nonresident defendant, the Court must ensure that jurisdiction complies with Colorado's long-arm statute and constitutional due process. *Grynberg v. Ivanhoe Energy, Inc.*, No. 08–cv–02528, 666 F.Supp.2d 1218, 2009 WL 3217394, *6 (D. Colo. September 30, 2009). In Colorado, this two-pronged inquiry collapses into one, because "'Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant.'" *Id.* at *6 (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)).

To ensure that the Court's jurisdiction comports with due process, the Court first examines "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being [brought] into court there." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (quoting *TH Agriculture & Nutrition*, LLC v. Ace European Group Ltd., 488 F.3d 1282, 1287 (10th Cir. 2007)).

This "minimum contacts" inquiry naturally involves examining whether the nonresident defendant has "purposefully directed" its activities at Colorado. *See TH Agriculture & Nutrition, LLC*, 488 F.3d at 1287, 1291. Under certain circumstances, "a nonresident defendant may be subject to personal jurisdiction in Colorado based on the imputed contacts of the [nonresident] defendant's agent." *Goettman v. N. Fork Valley Rest.*, 176 P.3d 60, 67 (Colo. 2007). In other words, where applicable, a court can impute a subsidiary corporation's contacts to the parent corporation. *Vacation Travel Int'l, Inc. v. Sunchase Beachfront Condo. Owners Ass'n, Inc.*, No. CIVA 06CV02195 LTBCB, 2007

3

WL 757580, at *5 (D. Colo. Mar. 8, 2007) (stating that "[w]hile under some circumstances a subsidiary corporation's contacts may be imputed to a parent for the purposes of jurisdiction, the reverse is not true."); *see also Kim v. Czerny*, No. 16-CV-1362 MCA/LF, 2017 WL 3084466, at *8 (D.N.M. July 17, 2017) (same); *Weisler v. Cmty. Health Sys., Inc.*, No. CIV. 12-0079 MV/CG, 2012 WL 4498919, at *11 (D.N.M. Sept. 27, 2012) (same).

## B. JURISDICTIONAL DISCOVERY

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). The Court has broad discretion to shape jurisdictional discovery. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012); *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188–89 (10th Cir. 2010) ("As with the court's handling of discovery in other stages of litigation, in the context of a [motion to dismiss for lack of jurisdiction], '[w]e give the district court much room to shape discovery.'") (second alteration in original).

"[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002) (ellipsis omitted). "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial— [is] on the party seeking the discovery. . . ." *Breakthrough Mgmt. Grp., Inc.*, 629 F.3d at

4

1189 n. 11; *Grynberg*, 490 F. App'x at 103. "To obtain jurisdictional discovery, a plaintiff must present a sufficient factual predicate for the establishment of personal jurisdiction." *Gordon Howard Assocs., Inc. v. Lunareye, Inc.*, No. 13-CV-01829-CMA-MJW, 2013 WL 5637678, at *4 (D. Colo. Oct. 15, 2013) (internal quotation omitted).

### III. ANALYSIS

Plaintiff has submitted a sufficient factual predicate for the establishment of personal jurisdiction over H2OFloss such the limited jurisdictional discovery is appropriate. In pertinent part, with respect to H2OFloss's minimum contacts with Colorado, Plaintiff contends that

- H2OFloss is engaged in importing *and exporting* activities from Singapore, contrary to Mr. Chen's contentions that the company is merely engaged in importing products to Singapore. (Doc. # 22-7 at 2.)

- H2OFloss has placed the Accused Products into the stream of commerce through h2ofloss.com and Amazon.com with the expectation that consumers in the United States will purchase them. (Doc. ## 22, ¶¶ 22–26; 22-8 at 2; 22-9.)

- Colorado residents allegedly account for eleven percent of the sales from h2ofloss.com. (Doc. # 50 at 7.)

- H2OFloss was previously registered in Singapore as Shenzhen Baofengtong Electrical Manufacturing Co., Ltd., which is one of the manufacturers, sellers, and suppliers of the Accused Products. (Doc. # 22 at ¶¶ 42–48, 22-7, 43-3.)

- H2OFloss is part of a "group of companies," including Defendants H2Ofloss Limited and Shenzhen Baofengtong Electrical Manufacturing Co., Ltd, that

function as a single enterprise whose operations are similarly controlled by principals Noah Chen and ZW Wang. (Doc. ## 22, 22-F.)

These allegations are sufficient at this stage to support granting Plaintiff's request for limited discovery on these issues.

The Court also finds that discovery of additional information will aid this Court in resolving, either favorably or unfavorably, the disputed personal jurisdiction issues in this case. For example, the Court needs additional information regarding, at the very least, (1) H2OFloss's expectation (as opposed to the other Defendants' expectations) that the Accused Product would be purchased by consumers in Colorado specifically; and (2) the corporate relationship between H2OFloss and the other Defendants, including the hierarchy among the agents and parents and proof supporting those relationships.

Without more information in these areas, the Court is uncertain whether to let the lawsuit proceed against H2OFloss. Thus, denying Plaintiff's request for jurisdictional discovery will undoubtedly prejudice Plaintiff. The Court therefore grants Plaintiff's request to seek discoverable information in the following areas:

- Information regarding the corporate relationship between H2OFloss; H2Ofloss Limited; Shenzhen Baofengtong Electrical Manufacturing Co., Ltd; and Homecare Household Supplies Co., Ltd., which may include their ownership, financial, and/or management interests, and how that relationship (and the contacts that flow from it) implicate the agency theory of jurisdiction; and
- Information pertaining to sales of the Accused Products in Colorado, including the identity of the manufacturer(s) and distributors for the products in Colorado.

The Court also grants Plaintiff's request[1] to serve ten interrogatories and ten requests for production of documents on H2OFloss, limited to the information listed in the bullet points above. However, the Court denies without prejudice Plaintiff's request to serve "relevant third part[ies]" because Plaintiff's request is unduly expansive and unclear. Indeed, Plaintiff merely states that it would like to serve "each relevant third party," and then includes a non-exhaustive list of examples, including Amazon.com, Nathan Chen, and "other US distributor(s)." (Doc. # 54 at 9.) Without more specificity, argument, or explanation governing this request and the subject third party or parties, the Court finds that it is without sufficient information to grant the request, particularly considering the likelihood that H2OFloss's production of documents and responses to interrogatories may sufficiently cover the disputed jurisdictional issues. *See* Fed. R. Civ. P. 26 (2)(C) (detailing the circumstances in which the Court must limit the frequency and extent of discovery); *Simpson v. University of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (Court must determine that the discovery of information is relevant to a claim or defense before allowing it to be discovered).

Finally, the Court finds that this limited jurisdictional discovery could lead to changes in the underlying nature of the parties' jurisdictional dispute. Indeed, the Plaintiff could uncover additional jurisdictional allegations or, conversely, Plaintiff could discover that H2OFloss is not subject to general or specific jurisdiction in Colorado. Thus, in order to streamline the presentation of these issues, the Court denies without prejudice H2OFloss's motion to dismiss.

---

[1] Although H2OFloss disputes Plaintiff's motion requesting limited discovery, it did not dispute the nature or quantity of Plaintiff's specific requests.

## IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

- Plaintiff's Motion for Limited Jurisdictional Discovery (Doc. # 54) is GRANTED IN PART and DENIED IN PART. The Motion is DENIED without prejudice to the extent that Plaintiff requests to serve "relevant third part[ies]" with requests for the production of documents. The Motion is GRANTED to the extent Plaintiff requests to serve Defendant H2OFloss with 10 interrogatories and 10 requests for production in accordance with the requirements of Federal Rule of Civil Procedure 26. Those requests shall be served upon Defendant **on or before April 16, 2018**. H2OFloss shall respond in accordance with the requirements of Rule 26.
- The stay of discovery, which went into place on March 8, 2018, is lifted for this limited purpose but otherwise remains in place.
- Defendant's Motion to Dismiss for Want of Personal Jurisdiction (Doc. # 43) is DENIED WITHOUT PREJUDICE.

DATED: April 9, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

8